IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

LJ IV, LLC   Case No.: 20-cv-82259-AMC
a Delaware Corporation,

    Plaintiff

v.

SUNDECK YACHTS, S.R.L.,
a Foreign Corporation,

    Defendant
_____/

## AMENDED COMPLAINT

### (Amended only to include attachment previously omitted)

COMES NOW, Plaintiff LJ IV, LLC (hereinafter "PLAINTIFF"), by and through undersigned counsel, and hereby sues Defendant SUNDECK YACHTS, S.R.L. (hereinafter "SUNDECK" or "DEFENDANT") alleging as follows:

### JURISDICTION, PARTIES, AND VENUE

1. Plaintiff LJ IV, LLC is a Delaware Corporation.

2. Defendant SUNDECK YACHTS, S.R.L. is an Italian Company which at all times relevant was doing business in Florida.

3. SUNDECK sold to LJ IV, LLC a Sundeck 580 Motor Yacht HIN #SUN58018J819.

4. This lawsuit stems from a breach of warranty concerning a motor yacht, M/Y LJ IV, manufactured by Defendant and sold to Plaintiff.

5. This Court has subject matter jurisdiction under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*., and 28 U.S.C. §1333 as the underlying events giving rise to the Complaint involve services to the motor yacht, an activity of traditional maritime nature.

6. The amount in controversy equal or exceeds the sum or value of $75,000 exclusive of interest and costs computed on the basis of all claims to be determined in this suit.

7. Venue is proper in Palm Beach County, Florida as the home berth and primary location of the vessel.

8. Performance under the warranty was anticipated to be Palm Beach County by Plaintiff and Defendant.

9. Furthermore, the contract to build a boat (Exhibit 1 hereto) provided by Defendant explicitly states "Standard limited Warranty (24 month duration) will apply to this build and will be available also in USA territory within the east coast of the Country and Caribbean." The subject warranty is applicable to this vessel and is applicable and enforceable in the East Coast of the United States.

## GENERAL ALLEGATIONS

10. Defendant is the manufacturer of the M/Y LJ IV bearing HIN# SUN58018J819 (hereinafter "the Vessel").

11. The Vessel was built for sale to Plaintiff and was specifically and explicitly intended for operation in the United States and to be in compliance with United States specifications for leisure yachts.

12. The contract for the Vessel specified a twenty-four (24) month warranty on the vessel and a forty-eight (48) month optional warranty on the Vessel engines.

13. Well within the specified warranty period, Plaintiff notified Defendant of numerous defects discovered on the Vessel.

14. To wit, the claim made by Plaintiff included but was not limited to:

    a. Vessel's gelcoat and paint have multiple defects including a yellow hue across 90+% of the Vessel's surface.

    b. The gloss on the Vessel's paint is well below industry standard which implies the topcoat has become porous.

    c. Accelerated degradation of the topcoat due to failure to apply the proper thickness of coating.

    d. Non-skid coating on main deck and sun deck wearing through due to improper application.

    e. Improperly installed filters on the freshwater system

    f. Issues with the fire suppression system

    g. Issues with non-forming exhaust fans in the engine room

    h. Issues with the swim platform and associated indicators

    i. Problems with the crew door alarm sensor

    j. Paint blisters on the starboard side of the vessel resulting in the coating system pulling away from the surface.

    k. Problems with the air conditioning system.

15. In addition to the foregoing, Plaintiff was forced to pay for certain repairs that would otherwise be covered under the warranty but required immediate attention due to safety or operational issues with the Vessel.

16. The immediate repairs paid for by Plaintiff included:

    a. Replacement of a non-US complaint fire suppression system

    b. Repair to a misaligned bow thruster that was improperly installed by the Defendant

    c. Removal of non-US complaint bottom paint and replacement with proper and compliant paint

17. Invoices for the repairs paid for by Plaintiff have been provided to Defendant for reimbursement.

18. Additionally, a faulty electrical switch improperly installed by Defendant resulted in a fire in the engine room of the Vessel. Defendant's repair of the faulty switch was incomplete and woefully insufficient.

19. Above and beyond the foregoing, Plaintiff has subsequently discovered substantial discoloration of the Vessel's gelcoat and non-skid surfaces, extensive electrical problems on the Vessel including improperly installed outlets resulting in reversed polarity and an improperly or nonfunctioning remote control system for the Vessel.

## COUNT I
## BREACH OF EXPRESS WARRANTY

Plaintiff re-alleges and re-adopts the foregoing Paragraphs 1-19 as if fully set forth herein.

20. The cause of action alleged in this Count is brought pursuant to Florida Statute § 672.313 and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*. 153. The Vessel was a "consumer product" as defined by the Magnuson-Moss Act, 15 U.S.C. § 2301 *et seq*. because the Vessel was tangible personal property distributed into commerce normally used for personal, family, or household purposes.

21. Plaintiff a "consumer" as defined by the Magnuson-Moss Act, 15 U.S.C. § 2301 *et seq*.

22. SUNDECK was the commercial manufacturer, supplier, merchant, and/or seller of the Vessel as defined by the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*. and Florida Statute § 672.313.

23. The Plaintiff entered into written and/or oral purchase and warranty agreements with SUNDECK. The Purchase and Sale agreement required the Plaintiff to pay substantial consideration for the purchase and delivery of the Vessel.

24. SUNDECK made representations regarding the quality of the boat that induced the purchaser into entering into the Purchase and Sale Agreement.

25. SUNDECK's representations constituted express warranties within the contemplation of Fla. Stat. § 673.313 and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*., which became the basis of the bargain between the parties.

26. SUNDECK's own express warranties were made to the purchaser orally, in writing, contract, statement, purchase order, description, advertisement, brochure, course of conduct and trade in usage and by other methods to be revealed through the course of discovery and warranted a minimal level of quality and future performance of the Vessel.

27. At all times material hereto, SUNDECK breached its express warranties by, among other things, failing to properly design, inspect, test, construct, manufacture, and outfit the Vessel.

28. The manufacturer's warranty (Exhibit 1 hereto) was at all material times in in full force and effect.

29. Defendant was provided timely notice of defects with the Vessel that are covered under the subject warranty.

30. Defendant had a duty pursuant to the warranty to repair flaws and defects as described in paragraphs 12, 13 and 14 above covered under the warranty.

31. Defendant breached that duty by failing to attempt repairs and/or performing insufficient and incomplete repairs of issues covered under the applicable warranty.

32. Plaintiff has suffered damages as a direct and proximate result of Defendant's breach of warranty, including loss of use of the Vessel, loss of value to the Vessel, loss of merchantability of the Vessel and consequential/incidental damages related to Defendant's inability to perform repairs including but not limited to out-of-pocket expenses for repairs necessary for the safety of the Vessel and/or compliance with insurance requirements for the Vessel.

WHEREFORE, Plaintiff prays for entry of judgment against Defendants for damages sustained as a result of its breach of warranty, for consequential and incidental damages, pre and post judgment interest as allowable, for attorneys' fees necessarily incurred as a result of this breach and for any other relief this court deems just and proper.

## COUNT II
## BREACH OF WARRANTY OF WORKMANLIKE PERFORMANCE

Plaintiff re-alleges and re-adopts the foregoing Paragraphs 1-19 as if fully set forth herein.

33. The warranty of workmanlike performance is an implied warranty imposed on a maritime service contractor which requires services to be performed with reasonable care, skill, and safety. *Vierling v. Celebrity Cruises, Inc.,* 339 F.3d 1309, 1315 (11th Cir.2003); *Coffman v. Hawkins & Hawkins Drilling Co., Inc.,* 594 F.2d 152, 154 (5th Cir.1979) ("[I]ndependent shore-based contractors that go aboard a vessel by the owner's arrangement or by his consent to perform service for the ship's benefit impliedly warrant to the shipowner that they will accomplish their

task in a workmanlike manner. The essence of the contractor's warranty of workmanlike performance is to perform its work properly and safely.")

34. The standard for liability under the warranty of workmanlike performance parallels a negligence standard, even though it is a separate cause of action and not a tort. *Transatlantic Lines LLC v. Portus Stevedoring LLC*, 2015 WL 4555375, at *2 (S.D. Fla. 2015) citing *Meridian Bulk Carriers, Ltd. v. Kinder Morgan Bulk Terminals, Inc.,* 2009 WL 2180582 at *8–9 (M.D. Fla. 2009).

35. SUNDECK, as a maritime service contractor, repairer, merchant, and supplier with respect to services and materials provided to Plaintiff, impliedly warranted to Plaintiff that the repair of the vessel's teak deck, service to its foredeck crane; and paint of the vessel would be done in a workmanlike manner, with reasonable care, skill, and safety.

36. Plaintiff identified to Defendant numerous flaws and defects of the Vessel for warranty repairs.

37. Defendant undertook to repair at least some of the flaws and defects identified by Plaintiff.

38. Upon undertaking to repair any areas or component parts of the Vessel, Defendant owed a duty to do so in a timely and workmanlike fashion.

39. Defendant has breached that duty by failing to perform repairs to the Vessel in a timely and workmanlike fashion.

40. Defendant's insufficient repairs include but are not limited to the electrical system of the Vessel, which has already caused a fire in the engine room of the Vessel and has not been properly repaired by the Defendant, leaving the Vessel in an unsafe condition and susceptible to further damage as a direct and proximate result of the improper repairs.

41. Plaintiff has suffered damages as a direct and proximate result of Defendant's breach of warranty of workmanlike service, including loss of use of the Vessel, loss of value to the Vessel, loss of merchantability of the Vessel and consequential damages related to Defendant's failure to properly perform repairs including out-of-pocket expenses for immediate repairs necessary for the safety of the Vessel.

WHEREFORE, Plaintiff prays for entry of judgment against Defendants for damages sustained as a result of its breach of warranty of workmanlike performance, for pre and post judgment interest as allowable, for attorneys' fees necessarily incurred as a result of this breach and for any other relief this court deems just and proper.

## COUNT III
## BREACH OF UCC AND MAGNUSON-MOSS IMPLIED WARRANTYOFMERCHANTABILITY AND USAGE OF TRADE

Plaintiff re-alleges and re-adopts the foregoing Paragraphs 1-19 as if fully set forth herein.

42. The cause of action alleged in this Count is brought pursuant to Florida Statute §672.314 and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*.

43. The Vessel was a "consumer product" as defined by the Magnuson-Moss Act, 15 U.S.C. § 2301 *et seq*. because the Vessel was tangible personal property distributed into commerce normally used for personal, family, or household purposes.

44. Plaintiff is a "consumer" as defined by the Magnuson-Moss Act, 15 U.S.C. § 2301 *et seq*.

45. SUNDECK was the commercial manufacturer, supplier, merchant, and/or seller of the Vessel as defined by the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*. and Florida Statute § 672.314.

46. SUNDECK impliedly warranted that the Vessel was of merchantable quality, fit, safe, and in a proper condition to be used with reasonable safety, efficiency and comfort.

47. SUNDECK impliedly warranted that the Vessel would pass without objection in the trade; was of fair average quality; was fit for the ordinary purpose for which it was to be used as ahigh quality Vessel suitable for sea conditions; would run as vessels similar in kind, price and quality; was adequately and accurately built to specifications; and would conform to all affirmations of fact made SUNDECK, regarding the quality and performance of the boat.

48. Plaintiff was known to SUNDECK as the purchaser and user of the Vessel, and it used the Vessel in the intended and foreseeable manner.

49. The Vessel, when manufactured, sold and/or delivered by SUNDECK, was in a defective condition and was unreasonably dangerous to the user and consumer.

50. The Vessel was not of merchantable quality and was unfit, unsafe, and unusable for the ordinary purpose for which it was intended.

51. The Vessel was a non-conforming good as described in paragraphs above.

52. SUNDECK breached the implied warranty of merchantability and usage of trade by failing to properly design, inspect, test, construct, manufacture, and outfit the Vessel and by delivering the Vessel, which was unfit for ordinary use.

WHEREFORE, Plaintiff prays for entry of judgment against Defendants for damages sustained as a result of its breach of implied warranty, for consequential and incidental damages, pre and post judgment interest as allowable, for attorneys' fees necessarily incurred as a result of this breach and for any other relief this court deems just and proper.

## COUNT IV
## NEGLIGENCE

Plaintiff re-alleges and re-adopts the foregoing Paragraphs 1-19 as if fully set forth herein.

53. Defendant undertook to perform various repairs to the Vessel.

54. Defendant owed and continues to owe Plaintiff a duty to use reasonable care in the performance of those repairs.

55. Defendant has breached this duty by failing to exercise reasonable care in its services rendered to the Vessel.

56. Plaintiff has suffered damages as a direct and proximate result of Defendant's negligence, including loss of use of the Vessel, loss of value to the Vessel, loss of merchantability of the Vessel and consequential damages including out-of-pocket expenses for immediately necessary repairs to the Vessel.

WHEREFORE, Plaintiff prays for entry of judgment against Defendants direct and consequential damages sustained as a result of its negligence, pre and post judgment interest as allowable, for attorneys' fees necessarily incurred as a result of this breach and for any other relief this court deems just and proper.

Dated:  January 13, 2020        Respectfully Submitted,

By: */s/ Christopher R. Fertig*
Christopher R. Fertig (FBN 218421)
chris.fertig@fertig.com
By: */s/ Seth E. Harris*
SETH E. HARRIS (076217)
seh@fertig.com
Fertig & Gramling
200 Southeast 13th Street
Fort Lauderdale, FL 33316
Telephone:    954-763-5020
Facsimile:     954-763-5412
*Attorneys for Plaintiff*