IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

Case No.: 20-82259-CIV-CANNON

LJ IV, LLC
a Delaware Corporation,

    Plaintiff,
v.

SUNDECK YACHTS, S.R.L.,
a Foreign Corporation,

    Defendant.
_____/

## DEFENDANT SUNDECK YACHTS, S.R.L.'S
## ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant, Sundeck Yachts, S.r.l., ("Sundeck Italy"), hereby files its Answer and Affirmative Defenses to the Second Amended Complaint of Plaintiff, LJ IV, LLC ("Plaintiff"), and in support thereof states as follows:

## ANSWER

1. Denied.

2. Denied.

3. Denied.

4. Sundeck Italy is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4, and therefore said allegations are denied.

5. Sundeck Italy admits that Sundeck Italy is an Italian company, the remaining allegation in this paragraph is denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. To the extent paragraph 13 refers to the Contract to Build a Boat (the "Contract") which is attached to the Second Amended Complaint as Exhibit 1, the Contract speaks for itself. To the extent that any allegations contradict the Contract, those allegations are denied.

14. To the extent paragraph 14 refers to the Contract, the Contract speaks for itself. To the extent that any allegations contradict the Contract, those allegations are denied.

15. To the extent paragraph 15 refers to the Contract, the contract speaks for itself. To the extent that any allegations contradict the Contract, those allegations are denied.

16. Denied.

17. Admitted.

18. To the extent paragraph 18 refers to the Contract, the Contract speaks for itself. To the extent that any allegations contradict the Contract, those allegations are denied.

19. To the extent paragraph 19 refers to the Contract, the Contract speaks for itself. To the extent that any allegations contradict the Contract, those allegations are denied.

20. Denied that the vessel was to be "delivered for service" in Florida. The vessel was delivered in Ravenna, Italy.

21. To the extent paragraph 21 refers to the Assignment of Contract to Build a Boat (the "Assignment"), the Assignment speaks for itself. To the extent that any allegations contradict the Assignment, those allegations are denied.

22. To the extent paragraph 22 refers to a contract for sale of the vessel, the contract speaks for itself. To the extent that any allegations contradict the contract, those allegations are denied.

23. Admitted. [1]

24. To the extent paragraph 24 refers to the Builder's Certification and First Transfer of Title, the document speaks for itself. To the extent that any allegations contradict the document, those allegations are denied. This is neither a confirmation or denial of the authenticity of the Builder's Certification and First Transfer of Title.

25. To the extent paragraph 25 refers to the Builder's Certification and First Transfer of Title, the document speaks for itself. To the extent that any allegations contradict the document, those allegations are denied. This is neither a confirmation or denial of the authenticity of the Builder's Certification and First Transfer of Title.

26. To the extent paragraph 26 refers to a purchase agreement, the purchase agreement speaks for itself. To the extent that any allegations contradict the contract, those allegations are denied.

27. Admitted.

28. Admitted.

---

[1] The original Contract to Build was between Sundeck Italy and Joachim H. Strahle, a private individual of Swiss nationality. On the day the boat was already paid and to be delivered, Mr. Strahle asked to amend the contract to sell the boat instead to LJ IV, LLC, a Delaware company. The Assignment was signed by Michael Landry, President of Standard Leasing, Inc. for LJ IV, LLC and by Roberto Illarietti for Sundeck Italy.

29. Admitted that Sundeck Italy knew that LJ IV would be in Florida, denied that Sundeck Italy repeatedly sent employees to the vessel in Palm Beach.

30. To the extent paragraph 30 refers to the contract for sale, the contract for sale speaks for itself. To the extent that any allegations contradict the contract for sale, those allegations are denied. The remaining allegations are legal conclusions to which no answer is required.

31. To the extent paragraph 31 refers to the contract for sale, the contract for sale speaks for itself. To the extent that any allegations contradict the contract for sale, those allegations are denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. To the extent paragraph 37 refers to a contract, the contract speaks for itself. To the extent that any allegations contradict the contract, those allegations are denied.

38. Sundeck Italy is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 38, and therefore said allegations are denied.

39. Denied.

40. Denied.

41. To the extent paragraph 41 refers to a website, which website is neither under control nor property of Sundeck Italy, the website speaks for itself. To the extent that any allegations contradict the website, those allegations are denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. To the extent paragraph 46 refers to an invoice, the invoice speaks for itself. To the extent that any allegations contradict the invoice, those allegations are denied.

47. To the extent paragraph 47 refers to an email, the email speaks for itself. To the extent that any allegations contradict the email, those allegations are denied.

48. Denied.

49. To the extent paragraph 49 refers to a website, which website is neither under control nor property of Sundeck Italy the website speaks for itself. To the extent that any allegations contradict the website, those allegations are denied.

50. To the extent paragraph 50 refers to a website, which website is neither under control nor property of Sundeck Italy, the website speaks for itself. To the extent that any allegations contradict the website, those allegations are denied.

51. Sundeck Italy is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 51, and therefore said allegations are denied.

52. Denied.

53. Denied.

54. Denied.

55. Sundeck Italy is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 55, and therefore said allegations are denied.

56. Sundeck Italy is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 56, and therefore said allegations are denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Sundeck Italy is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 63, and therefore said allegations are denied.

## COUNTS I & II

Counts I and II of Plaintiff's Second Amended Complaint containing paragraphs 64 through 88 were dismissed by this Honorable Court on December 21, 2021 (DE 53) upon Sundeck Italy's Motion to Dismiss (DE 46).

## COUNT III—BREACH OF WARRANTY OF WORKMANLIKE PERFORMANCE

Defendant re-alleges its response to paragraphs 1-63 above as if fully set forth herein

89. Denied.

90. Denied.

91. Denied.

92. Paragraph 92 draws a legal conclusion to which no answer is required. To the extent an answer is required, denied.

93. Denied.

94. Denied.

95. Denied.

**WHEREFORE**, Defendant, Sundeck Italy, respectfully requests this Court enter judgment against Plaintiff, LJ IV, and in favor of Sundeck Italy, that Plaintiff take nothing from this cause, that the Court award Sundeck Italy its attorneys' fees and tax costs against the Plaintiff, and for such further and other relief as the Court deems just and proper.

### COUNT IV—NEGLIGENCE

Defendant re-alleges its response to paragraphs 1-63 above as if fully set forth herein

96. Denied.

97. Paragraph 97 draws a legal conclusion to which no answer is required.  To the extent an answer is required, denied.

98. Paragraph 98 draws a legal conclusion to which no answer is required.  To the extent an answer is required, denied.

99. Denied.

100. Denied.

**WHEREFORE**, Defendant, Sundeck Italy, respectfully requests this Court enter judgment against Plaintiff, LJ IV, and in favor of Sundeck Italy, that Plaintiff take nothing from this cause, that the Court award Sundeck Italy its attorneys' fees and tax costs against the Plaintiff, and for such further and other relief as the Court deems just and proper.

### COUNT V—BREACH OF CONTRACT

101. Defendant re-alleges its response to paragraphs 1-63 above as if fully set forth herein.

102. To the extent paragraph 102 refers to the Contract, the Contract speaks for itself.  To the extent that any allegations contradict the Contract, those allegations are denied.

103. Sundeck Italy is without sufficient knowledge or information to admit or deny the allegation that Plaintiff does not have a copy of the Warranty in its possession, and therefore said allegations are denied.

104. Admitted that an Italian warranty was in place providing warranty coverage to corporate entities for 12 months or to private individuals for 24 months.  All other allegations are denied.

105. Denied.

106. Denied.

**WHEREFORE**, Defendant, Sundeck Italy, respectfully requests this Court enter judgment against Plaintiff, LJ IV, and in favor of Sundeck Italy, that Plaintiff take nothing from this cause, that the Court award Sundeck Italy its attorneys' fees and tax costs against the Plaintiff, and for such further and other relief as the Court deems just and proper.

## GENERAL DENIAL

Sundeck Italy denies that the Plaintiff is entitled to any of the relief requested and denies each and every allegation of the Second Amended Complaint other than as expressly admitted herein and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Sundeck Italy will rely on all defenses available to it at the time of trial of this matter and reserve the right to amend its Answer and Affirmative Defenses. Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). The rule does not obligate a defendant to set forth detailed and particular facts; it requires only that the defendant give "fair notice" of the defense and "the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (emphasis added).  For its affirmative defenses,

and pursuant to Fed. R. Civ. P. 8(c) and 11, Sundeck Italy alleges in good faith as follows, without assuming the burden of proof where such burden is otherwise on the Plaintiff.

## FIRST AFFIRMATIVE DEFENSE
## (TO COUNT III—BREACH OF WARRANTY OF WORKMANLIKE PERFORMANCE)

As its first affirmative defense, Sundeck Italy asserts failure by Plaintiff to satisfy conditions precedent. In order to obtain warranty services, Plaintiff must first notify Sundeck Italy of the warranty claim. Reporting the warranty claim to Sundeck Italy is a condition precedent to obtaining warranty services. Specifically, Plaintiff failed to submit claims for warranty services within the warranty period. *See, e.g., Burns v. Winnebago Indus., Inc.*, 492 F. App'x. 44, 48 (11th Cir. 2012) (affirming judgment against buyer on breach of contractual warranty claim under Florida law, in part because "[i]f we did not enforce the warranty's requirement that [buyers] notify the manufacturer of their [product's] defects, then [manufacturer] would not be receiving the benefit of its bargain under the warranty."); *Hapag-Lloyd, A.G. v. Marine Indem. Ins. Co. of Am.*, 576 So. 2d 1330, 1330-31 (Fla. 3d DCA. 1991) ("It is obvious that the failure to afford the seller reasonable notice of an already-discovered defect until after the loss caused by the breach of warranty had already occurred—when, as clearly appears, the seller could have remedied the defect and prevented the loss—requires a conclusion that ... the buyer is 'barred from any remedy'"). Florida law provides that "[t]he buyer bears the burden of showing that he gave the required notice within a reasonable time." *Iron Bridge Tools, Inc. v. Meridian International Co., Ltd., USA*, No. 13-61289, 2016 WL 8716673 at *13 (S.D. Fla. Feb. 2, 2016); *General Matters, Inc. v. Paramount Canning Co.*, 382 So. 2d 1262, 1264 (Fla. 2d DCA 1980) (affirming judgment against buyer of goods on breach of warranty claim under notice requirement, which "is a valid precondition of imposing liability on a seller of goods").

## SECOND AFFIRMATIVE DEFENSE
## (TO COUNT III—BREACH OF WARRANTY OF WORKMANLIKE PERFORMANCE)

As its Second Affirmative Defense, Sundeck Italy asserts that Plaintiff was contributorily negligent. Plaintiff and Plaintiff's Captain, Hamish Chilvers, along with their agents, were in control of the vessel when the alleged fire broke out causing damage to the vessel. Plaintiff's own negligence caused the claimed damages. In Florida, a plaintiff's negligence is considered as a "factor on the issue of breach of warranty of workmanlike performance." *Julian v. Mitsui O. S. K. Lines, Ltd.*, 5th Cir. 1973, 479 F.2d 432 at 433. Furthermore, Florida Statutes § 672.714(2) provides that "[t]he measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." In the instant case, Defendant delivered the yacht to the Plaintiff in perfect condition in Ravenna, Italy, having passed all inspections and obtaining all certifications for seaworthiness. The Plaintiff then paid a third party to have the vessel shipped to the east coast of the United States. Upon navigating in Florida, the vessel sustained damages resulting from the Plaintiff's operation of the vessel and not as a result of Sundeck Italy's workmanship. The damages would not have been a covered claim under warranty even if Sundeck Italy would have been timely notified of such a claim.

## THIRD AFFIRMATIVE DEFENSE
## (FOR COUNTS III, IV and V— BREACH OF WARRANTY OF WORKMANLIKE PERFORMANCE, NEGLIGENCE and BREACH OF CONTRACT)

As its Third Affirmative Defense, Sundeck Italy asserts that any of LJ IV's alleged damages from any alleged breach were set-off by the ultimate sale of subject vessel. Any amount that may be due to the Plaintiff must be set-off against the margin of profit made by the Plaintiff from the sale. Florida law recognizes set-off as an affirmative defense. *Perlman v. Wells Fargo*

*Bank, N.A.*, No. 10-81612-CV, 2014 WL 4449602, *2 (S.D. Fla. Sept. 10, 2014) (finding that a set-off was an affirmative defense); *In re Old Naples Sec., Inc.*, 343 B.R. 310, 314 (Bankr. M.D. Fla. 2006) (finding that set-off was an affirmative defense under F. R. Civ. P. 8(c)).

## FOURTH AFFIRMATIVE DEFENSE
## (FOR COUNT V—BREACH OF CONTRACT)

As its fourth affirmative defense, Sundeck Italy asserts failure by Plaintiff to satisfy conditions precedent. The contract between the parties provided for a means by which the Plaintiff could make a warranty claim within the warranty period. Upon proper notice and receipt of a warranty claim, Defendant is given an opportunity to cure and follows steps required to inspect and evaluate a claim for warranty coverage and determine whether the claim is covered under said warranty. Here, Plaintiff never made a warranty claim. As a result, there can be no breach of contract claim. A denial that a condition precedent has been satisfied arises as a defense of non-performance. *Solymar Invs., Ltd. v. Banco Santander S.A.*, 672 F.3d 981, 996 (11th Cir. 2012).

As explained by the Florida Supreme Court, "a defending party's assertion that a plaintiff has failed to satisfy a condition precedent necessary to trigger contractual duties under an existing agreement is generally viewed as an affirmative defense, for which the defensive pleader has the burden of pleading and persuasion." *Acosta v. Phoenix Life Insurance Company*, No. 1:14-cv-20067-UU, 2014 WL 11906641, *2 (S.D. Fla. Feb. 13, 2014) *citing Custer Med. Ctr. v. United Auto Ins. Co.*, 62 So. 3d 1086, 1096 (Fla. 2010).

## RESERVATION OF RIGHTS

Sundeck Italy reserves the right to raise additional defenses, and claims, as they become known or as they become available upon completion of discovery, investigation, or otherwise during the pendency of this case, consistent with applicable law.

**WHEREFORE**, Defendant, Sundeck Italy, S.r.l., having answered the Second Amended Complaint and raised the above affirmative defenses thereto, respectfully requests judgment in its favor and against the Plaintiff on all applicable counts in the Second Amended Complaint, with prejudice, awarding Defendant its attorneys' fees and costs to the extent recoverable including under Florida law and/or statute, and that Plaintiff shall take nothing by this action, and granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

**RODRIGUEZ-ALBIZU LAW, P.A.**
*Attorney for Defendant Sundeck Italy, S.r.l.*
759 SW Federal Highway, Suite 203
Stuart, FL 34994
(772) 261-5080

By: */s/ Gerardo J. Rodriguez-Albizu*
Gerardo J. Rodriguez-Albizu, Esq.
Fla. Bar No. 61685
E-mail: grodriguez@ralawpa.com
Margaret T. Lai, Esq.
Fla. Bar No. 74395
E-mail: mlai@ralawpa.com
Romina Marchese, Esq.
Fla. Bar No. 52313
E-mail: rmarchese@ralawpa.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by e-mail on April 12, 2022 on all counsel or parties of record om the Service List below.

*/s/     Gerardo J. Rodriguez-Albizu*
Gerardo J. Rodriguez-Albizu, Esq.

**SERVICE LIST**

Christopher Fertig, Esq.
Fertig & Gramling
200 Southeast 13th Street
Fort Lauderdale, FL 33316
chris.fertig@fertig.com

dml@fertig.com
seh@fertig.com

*Attorneys for Plaintiff LJ IV, LLC*